IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **OXYSURE SYSTEMS, INC.,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | |
| § | |
| **CHRISTOPHER F. CASTALDO, JERRY** § | Civil Action No. |
| **CASTALDO, AND WALL STREET BUY** § | |
| **SELL HOLD, INC.,** § | |
| § | |
| *Defendants*, § | |

**ORIGINAL COMPLAINT**

**I.
INTRODUCTION**

This action arises out of broker/dealer or similar registration, licensing, and reporting violations by Christopher F. Castaldo and his company Wall Street Buy Sell Hold, Inc. After beginning his career defrauding investors at Stratton Oakmont, the notorious boiler-room made famous by the Wolf of Wall Street book and film, Castaldo continued perpetrating pump-and-dump schemes with several other firms until he was forced to give up all registrations and licensures in the securities industry.

Blacklisted from the securities business as a result of his numerous frauds and possessing no legitimate skills, Castaldo decided to ply his boiler-room trade by making public companies, rather than individual investors, his targets. Holding himself out as a securities "consultant," Castaldo lures micro-cap companies like Plaintiff with promises to raise their share price and trading volumes with his "expertise." In reality, Castaldo's new firm is a full-fledged brokerage

that demands large up-front payments in cash and stock to retain its services, services which Castaldo is *not* permitted to engage in at all, since his excommunication from the securities industry. These include soliciting investors, analyzing publicly traded companies' business prospects and making recommendations as to their securities, assisting in transactions in the capital markets, and others.

As the latest victim in Castaldo's long career of fraud and deceit, Plaintiff seeks relief available to it under Texas and federal law.

## II.
## THE PARTIES TO THE ACTIONS

*Plaintiff*

1. Oxysure Systems, Inc., is a medical device company incorporated under the laws of Delaware. Its principal place of business is located at 10880 John W. Elliott Dr. Suite 600, Frisco, TX 75033.

*Defendants*

2. Christopher Francis Castaldo and Jerry Castaldo are natural persons residing in New York.

3. Wall Street Buy Sell Hold, Inc., is a company registered under the laws of the state of New York, with its principal place of business located at 135 Glenwood Road, Glenwood Landing, in the County of Nassau, New York.

## III.
## JURISDICTION AND VENUE

4. As to all causes of action arising under the Securities Exchange Act or 1934, this Court has subject matter jurisdiction pursuant to Section 27 thereof. This Court has diversity jurisdiction as to all other causes of action.

5. Venue is proper in this district as specifically provided for by the Exchange Act for causes of action arising thereunder, and pursuant to the federal venue statute in all other cases.

6. This Court has specific personal jurisdiction over all defendants because they have established the requisite minimum contacts with this forum by contracting for and transacting business within the state of Texas.

## IV.
## FACTUAL ALLEGATIONS

The following factual allegations are made with knowledge as to Plaintiff's own acts, and on information and belief as to all others.

**Oxysure Systems**

7. Oxysure Systems Inc. ("Oxysure") is a medical technology company based in Frisco, Texas, founded by Julian Ross ("Ross").

8. Using innovative technology, Oxysure products create pure, medical-grade oxygen when two dry and inert powders are mixed via a patented actuation mechanism.

9. Like fire extinguishers and portable defibrillators, Oxysure devices are placed in hospitals, schools, churches, businesses, and government buildings for use in emergency situations.

10. The key advantage of Oxysure products is their ability to provide resuscitative oxygen without the need for high-pressure, heavy, flammable tanks of oxygen gas. Oxysure devices are light, portable and can easily be used by a layperson.

11. Publicly traded, Oxysure's market capitalization stands at around $25 million as of the date this Complaint was filed. Its shares are traded in the over-the-counter marketplace (OTCMKTS:OXYS).

**Wall Street Buy Sell Hold, Inc., and its Founder, Defrocked Broker Chris Castaldo**

12. Wall Street Buy Sell Hold, Inc., ("WSBSH"), is a New York company whose primary business is providing so-called "investor relations" consulting services to publicly traded firms. Its founder and president is Christopher F. Castaldo ("Castaldo").

13. In the 1990s Castaldo was employed with the notorious boiler-room "Stratton Oakmont", eventually rising through the ranks to become the "right-hand-man" of the firm's founder Jordan Belfort, the now infamous "Wolf of Wall Street", who spent several years in federal prison for activities at Stratton Oakmont.

14. Castaldo orchestrated and assisted in boiler-room pump-and-dump frauds and other schemes pertaining to the securities industry with Stratton Oakmont, Foster Jeffries Co., Inc., Duke & Co., Inc., Corporate Communications, Inc., and others.

15. Castaldo has been subject to numerous lawsuits, customer complaints, and regulatory actions arising out of these activities. The United States Securities and Exchange Commission has won multiple judgments against him and he has been barred from working in the securities industry in New Mexico and Georgia, and ordered to cease and desist violating securities laws in Kansas.

16. As of March of 1998, Castaldo ceased to be registered as or associated with any broker/dealer who was registered. He does not presently hold registration or license pertaining to the securities industry in any jurisdiction or locality, federal, state, or otherwise. Neither, WSBSH nor any of its other employees hold any such registration or licensure.

**WSBSH Solicits and Deceives Oxysure**

17. On or about July of 2012, Castaldo began soliciting Oxysure as to WSBHS's investor relations consulting services. He touted the firm's ability to promote microcap and OTC stocks through investor contact, stock promotions, and marketing campaigns.

18. Throughout their negotiations, Castaldo represented that he had extensive experience in the securities industry having been registered as a broker and in other capacities, and that he and his firm WSBSH had considerable experience working with companies such as Oxysure in an advisory capacity to increase investor awareness, improve stock prices, and most importantly, the activity of shareholder purchases of stocks.

19. Despite holding himself out as an upstanding member in the world of investable securities, at no time did Castaldo make any mention of the numerous criminal, civil, and administrative cases in which he had been a defendant for securities fraud and other forms of securities-related misconduct.

20. The parties entered into two written agreements ("the Contracts"), herein attached as Exhibit A, whereby Oxysure retained WSBSH to act in a consulting and advisory capacity in order to improve Oxysure's stock price, trading volume, and investor activity.

21. WSBSH generally did not perform its obligations under the Contracts. At various times, WSBSH acknowledged its inadequate performance and made excuses or new promises.

**WSBSH *et al.* Engage in Poorly Executed, Unregistered Broker/Dealer Activities**

22. Although WSBSH's had always intended to over-promise and under-deliver, Castaldo and WSBSH are not even permitted to carry out the activities they promised or attempted under the Contracts. The securities laws of the United States and Texas require broker-dealer registration or similar licensure of those engaged in their line of work. Castaldo, WSBSH, and its employees are not registered. Indeed they are forbidden from seeking registration on account of

the numerous documented cases of securities fraud and misconduct that Castaldo has participated in.

23. As part of this wrongful conduct, Castaldo purported to have located a "BIG client in Dallas", who was "VERY interested in making a substantial investment". This deal never came to fruition.

24. On information and belief WSBSH receives subscriber fees or otherwise is paid remuneration for its activities.

25. WSBSH also claimed to assist Oxysure in securing a line of "bridge financing" or other funds from the debt capital markets. However, WSBSH took the position that these efforts were *not* part of its consulting services under the Contracts, and began demanding additional cash and shares from Oxysure as compensation.

26. Chris Castaldo is also the sole owner of StockTradersPress.com, an investment advisory and newsletter service through which he provides investment advice and analysis regarding stocks and equities in exchange for subscription compensation. Castaldo does not have the necessary registration and/or accreditation required of purveyors of these services, and thus StockTradersPress.com is yet another example of Castaldo's continuing unsavory entanglement with the securities industry.

27. In addition to the specific allegations reflected herein, Chris Castaldo's involvement with StockTradersPress.com and his activities with other WSBSH clients Plaintiff reasonably expects to prove at trial further demonstrate that he and his companies are regularly and systematically involved in securities-related business activities that require registration with the SEC, the Texas Securities Commission, and others. Yet, neither Chris Castaldo, Jerry Castaldo, WSBSH, nor any of its employees or agents are or were so registered.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Against Christopher F. Castaldo, Jerry Castaldo, and Wall Street Buy Sell Hold, Inc.*
**Declaratory Judgment Pursuant to the Texas Securities Act**

28. All prior allegations are incorporated.

29. The Texas Securities Act merges "brokers" and "dealers" into a single entity, referring to both as "dealers,"[1] which the Act defines as follows:

> The term 'dealer' shall include every person or company other than an agent, who engages in this state, either for all or part of his or its time, directly or through an agent, in selling, offering for sale or delivery or soliciting subscriptions to or orders for, or undertaking to dispose of, or to invite offers for any security or securities and every person or company who deals in any other manner in any security or securities within this state.[2]

30. The Texas Securities Act defines "Investment Adviser" as follows:

> 'Investment adviser' includes a person who, for compensation, engages in the business of advising another, either directly or through publications or writings, with respect to the value of securities or to the advisability of investing in, purchasing, or selling securities or a person who, for compensation and as part of a regular business, issues or adopts analyses or a report concerning securities, as may be further defined by Board rule.[3]

31. Under the Texas Securities Act, a person or entity who is engaged in the securities business in such a way that his activities fall within the parameters of one or more of these positions/roles (*e.g.,* broker, dealer, investment advisor, etc.) must be registered with the Texas Securities Commission.

32. The Texas Securities Act provides that a contract or agreement on behalf of an unregistered person or entity to do things requiring registration with the Texas Securities

---

[1] *See* Tex.Rev.Civ. Stat. Ann. art. 581-4(H) (Vernon Supp. 2005) ("'Broker' shall mean dealer as herein defined.").
[2] Tex.Rev.Civ. Stat. Ann. art. 581-4(C) (Vernon Supp. 2005).
[3] Tex.Rev.Civ. Stat. Ann. art. 581-4(N) (Vernon Supp. 2005).

Commission in exchange for compensation or any form of remuneration is void as against public policy, specifically:

> **Unenforceability of Illegal Contracts.** No person who has made or engaged in the performance of any contract in violation of any provision of this Act or any rule or order or requirement hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract.[4]

33. Based on the foregoing allegations, and materials Plaintiff reasonably expects to obtain through discovery, Christopher F. Castaldo, Jerry Castaldo, Wall Street Buy Sell Hold, Inc., or all engaged in activities that required registration as a "Broker," "Dealer," "Investment adviser," or another similar entity under the Texas Securities Act.

34. The facts herein establish an actual case or controversy between and among the parties regarding the validity of the two written agreements at issue.

35. WHEREFORE, Plaintiff requests that this Court determine the rights and obligations of the parties under the applicable written instruments and agreements, and find same invalid and unenforceable pursuant to art.581-33(K) of the Texas Securities Act.

## SECOND CAUSE OF ACTION
*Against Christopher F. Castaldo, Jerry Castaldo, and Wall Street Buy Sell Hold, Inc.*
**Rescission Pursuant to the Texas Securities Act**

36. All prior allegations are incorporated.

37. The Texas Securities Act provides for rescission and/or damages as to buyers who obtain securities via material misstates or omissions, specifically:

> **B. Liability of Buyers.** A person who offers to buy or buys a security (whether or not the security or transaction is exempt under Section 5 or 6 of this Act) by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in

---

[4] Tex.Rev.Civ. Stat. Ann. art. 581-33(K) (Vernon Supp. 2005).

the light of the circumstances under which they are made, not misleading, is liable to the person selling the security to him, who may sue either at law or in equity for rescission or for damages if the buyer no longer owns the security.[5]

38. Similarly, materially aiding and abetting one who obtains securities via material misstatements or omissions results in liability coextensive with the buyer, specifically:

A person who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller, buyer, or issuer of a security is liable under Section 33A, 33B, or 33C jointly and severally with the seller, buyer, or issuer, and to the same extent as if he were the seller, buyer, or issuer.[6]

39. Based on the foregoing allegations, supported by materials Plaintiff reasonably expects to obtain through discovery, Christopher F. Castaldo and Wall Street Buy Sell Hold, Inc. arranged to purchase thousands of shares of Oxysure stock, exchanging their labor as "consultants" for the shares as compensation.

40. Defendants made material omissions regarding Castaldo's status as a disgraced purveyor of securities who had been subjected to numerous criminal, civil, and administrative actions. Similarly, material misstatements were made as to quality and amount of work that would be done in exchange for the shares. In reality, Castaldo and WSBSH intention from the very beginning was to make bold promises in negotiation, but do almost no work at all.

41. Jerry Castaldo aided and abetted this conduct by placing himself between Plaintiff and Castaldo/WSBSH as their deceit came to light. His frequent attempts to smooth things over and call for Plaintiff to "be reasonable" were, in reality, a premeditated good cop/bad cop gambit in support of his brother's artifice.

---

[5] Tex.Rev.Civ. Stat. Ann. art. 581-33(B) (Vernon Supp. 2005).
[6] Tex.Rev.Civ. Stat. Ann. art. 581-33(F)(2) (Vernon Supp. 2005).

42. WHEREFORE, Plaintiff requests the Court enter judgment in its favor for rescission, damages, and applicable interest, pursuant to the Texas Securities Act, Tex. Rev. Civ. Stat. Ann. art. 581-33(B), *et seq*.

### THIRD CAUSE OF ACTION
*Against Christopher F. Castaldo, Jerry Castaldo, and Wall Street Buy Sell Hold, Inc.*
**Violations of the Securities Exchange Act of 1934**

43. All prior allegations are incorporated.

44. Section 15(a) of the Securities Exchange At of 1934 makes it illegal for a defendant to contract or agree to provide broker/dealer services without proper registration, specifically:

> It shall be unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with subsection (b) of this section.[7]

45. Contracts that violate the foregoing provision are void or avoidable under § 29(b) of the Exchange Act, specifically:

> Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void[.][8]

46. A party seeking to avoid a contract under § 29(b) a party must demonstrate three things: (1) the contract involved at least one "prohibited transaction;" (2) plaintiff and defendant

---

[7] 15 U.S.C. § 78o(a)(1).
[8] 15 U.S.C § 78cc(b).

are/were in contractual privity; (3) the plaintiff is within the class of persons the Exchange Act as designed to protect.[9] Scienter is not an element of the cause of action.[10] Section 29(b) applies both to contracts that were "illegal when made" or "as in fact performed."[11]

47. Pursuant to their form consulting services contract that Oxysure was induced to sign and did in fact sign, Wall Street Buy Sell Hold, Inc. and Christopher Castaldo used means of interstate commerce to effect and induce transactions necessitating registration as either a broker or dealer under the Exchange Act, when in fact neither was so registered. The illegality arose from the four corners of the contract "when made," or "as in fact performed," or both.[12]

48. Jerry Castaldo aided and abetted Wall Street Buy Sell Hold, Inc. and Christopher Castaldo's violations of the Act.

49. Plaintiff has a private right of action for recession and/or damages arising under the Exchange Act.

50. WHEREFORE, Plaintiff requests the Court enter judgment in its favor for rescission, damages, and applicable interest pursuant to the Securities Exchange Act of 1934.

### FOURTH CAUSE OF ACTION
*Against Christopher F. Castaldo, Jerry Castaldo, and Wall Street Buy Sell Hold, Inc.*
**Attorney's Fees Pursuant to § 38.001 of the Texas Civil Practice and Remedies Code**

51. All prior allegations are incorporated.

---

[9] *See Regional Properties, Inc.*, 678 F.2d at 559.
[10] *Martino*, 255 F.Supp.2d at 283 ("[Plaintiff] need not prove the broker's scienter to establish a violation of Section 15(a).").
[11] *Regional Properties, Inc.*, 678 F.2d at 560.
[12] *Id.*

52. Under Texas law "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: an oral or written contract."[13]

53. WHEREFORE, Plaintiff requests the Court enter judgment awarding reasonable attorney's fees, as its claim arises out of an oral or written contract,

# VI.
# REQUEST FOR RELIEF AND
# JURY TRIAL DEMAND

54. Plaintiff respectfully requests that this Court find the contracts here at issue void, order that Defendants take nothing, order the return of all Plaintiff's shares, award costs and attorney's fees, and grant such other relief that is appropriate. Plaintiff requests trial by jury on all matters and issues so triable under applicable law.

Respectfully submitted this 8th day of May, 2015

        **STECKLER LLP**

        */s Mazin A. Sbaiti*
        Mazin A. Sbaiti, Esq.
        State Bar No. 24058096
        12720 Hillcrest Rd., Suite 1045
        Dallas, Texas 75230
        T: (972) 387-4040
        F: (972) 387-4041
        Mazin@Stecklerlaw.com
        Seamus@Stecklerlaw.com

        *Counsel for the Plaintiffs*

---

[13] Tex. Civ. Prac. & Rem. Code § 38.001(8) (Vernon 2008).