# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OXYSURE SYSTEMS, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-324 |
| | § | Judge Mazzant |
| CHRISTOPHER F. CASTALDO, | § | |
| JERRY CASTALDO, AND WALL | § | |
| STREET BUY SELL HOLD, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Dkts. #29, #30).  After considering the relevant pleadings, the Court finds the motion is denied.

## BACKGROUND

Plaintiff Oxysure Systems, Inc. ("Oxysure") is a medical device company incorporated under the laws of Delaware with its principal place of business located in Frisco, Texas (Dkt. #1 at ¶ 1). Oxysure brought this action against New York residents Christopher Castaldo, Jerry Castaldo and Wall Street Buy Sell Hold, Inc., a New York company based in Nassau county, New York (collectively, "Defendants") (Dkt. #1 at ¶¶ 2-3).  Oxysure produces devices that create medical-grade, resuscitative oxygen for emergency use (Dkt. #1 at ¶¶ 8-9).  Oxysure's stocks are publicly traded (Dkt. #1 at ¶ 11). Defendants "assist[] public companies in strategic business planning, and investor and public relations services designed to make the investing public knowledgeable about the benefits of stock ownership in [client companies]." (Dkt. #1-1).

In or around October 22, 2012, and again on March 11, 2013, Wall Street Buy Sell Hold, Inc. ("Wall Street") entered into two consulting agreements (the "Agreements") with Oxysure. Under the Agreements, Wall Street and Oxysure agreed that Wall Street would provide certain

services to Oxysure, including, but not limited to, consulting with Oxysure's management concerning investor accreditation, availability to expand Oxysure's investor base, investor support, strategic business planning, broker relations, and recommend financing alternatives and sources (Dkt. #29 at ¶ 2).  Additionally, Wall Street was to disburse electronically, via email, public information and news releases about Oxysure. Wall Street was also to discuss this information by telephone to investors interested in investing in growth companies (Dkt. #29 at ¶ 2).  In turn, Oxysure agreed to pay fees to Wall Street for these services, based upon certain events (Dkt. #29 at ¶ 2).

The Agreements also each stated that "[t]he Agreement shall be construed by and enforced in accordance with the internal laws of the State of New York and venue shall rest solely in the state and courts any jurisdiction in the State of New York." (Dkt. #1-1).

On September 4, 2015, Defendants filed their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Dkt. #29).  On September 2, 2014, the Oxysure filed Plaintiff's Response to Defendants' Motion to Transfer (Dkt. #30).  No reply was filed.

## LEGAL STANDARD

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a), which permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The purpose of 28 U.S.C. § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the

public against unnecessary inconvenience and expense…'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

The U.S. Supreme Court has held that "when the parties have agreed to a *valid* forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (emphasis added).  The U.S. Supreme Court made clear that its "analysis presuppose[d] a contractually valid forum-selection clause." *Id.* at 581 n.5.  The inquiry into a clause's validity and scope thus precedes the question of transfer pursuant that clause.  *See, e.g.*, *Indus. Print Techs. LLC v. Canon U.S.A., Inc.*, No. 2:14-CV-00019, 2014 WL 7240050, at *1–2 (E.D. Tex. Dec. 19, 2014) ("[T]he *Atlantic Marine* analysis . . . presupposes a valid contract and a dispute that unquestionably falls within the scope of that contract."); *In re Union Elec. Co.*, 787 F.3d 903, 907 (8th Cir. 2015) (citing with approval a lower court's preliminary determination of a forum selection clause's validity); *Ashmore v. Allied Energy, Inc.*, No. 8:14-CV-00227-JMC, 2015 WL 128596, at *3 (D.S.C. Jan. 9, 2015) (noting that a "[c]ourt must first determine whether the forum-selection clause is valid under federal law" (internal quotations omitted)); *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1042 (D. Minn. 2015) (treating a relevant forum-selection clause's validity as a threshold question on a motion to transfer). Where a court finds that the forum selection clause is not valid or that the dispute does not fall within the scope of the contract, the typical section 1404 venue transfer analysis comes into play. *See Indus. Print Technologies*, 2015 WL 128596, at *1.

The threshold inquiry when determining transfer eligibility under section 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction.

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). Once that threshold inquiry is met, the Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id.*

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315. The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 313 & 314 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.

## ANALYSIS

The first issues that the Court must determine is whether the forum selection clause is valid and whether the dispute falls within the scope of the clause.

The Securities Exchange Act of 1934 (the "Exchange Act") provides for exclusive federal jurisdiction. *See* 15 U.S.C. § 78. Oxysure argues that the clause is invalid because, "the choice of forum selects New York state courts as the exclusive 'venue' which effectively operate[s] to waive the rights and duties under the Exchange Act." (Dkt. #30 at p. 4). Although Defendants do not directly address this issue, the Court assumes that Defendants do not believe the forum selection clause applies only to state courts in New York since they are requesting that the case be transferred to the Eastern District of New York (Dkt. #29 at ¶ 14).

Therefore the Court must interpret the clause. The clause states that "[t]he Agreement shall be construed by and enforced in accordance with the internal laws of the State of New York and venue shall rest solely in the state and courts any jurisdiction in the State of New York." (Dkt. #1-1). Oxysure argues that the phrase should read such that the contract, "vests venue 'solely in the state [sic] courts [sic] jurisdiction in the State of New York[.]'" (Dkt. #30 at p. 1). Defendants did not file a reply brief, and thus they did not address this argument.

"In interpreting a contract under New York law, words and phrases should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions." *LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (internal quotations omitted).[1] In order for the Court to find that Oxysure's interpretation of the forum selection clause was persuasive, it would have to find that several words in the clause had no meaning or were misplaced. Oxysure stated no reason why the words

---

[1] The parties agree that the Agreements should be interpreted under New York law because the choice-of-law provision requires that the Agreements, "be construed by and enforced in accordance with the internal laws of the State of New York." (Dkts. #29 at ¶ 9, #30 at p. 1)

that it omits from its interpretation should be excluded.  Therefore, the Court is not persuaded that the forum selection clause places jurisdiction solely within the state courts of New York and the forum selection clause is valid.

Likewise, the dispute must fall within the scope of the clause in order for the forum selection clause to apply.  Oxysure argues that the dispute does not fall within the scope of the clause because, "[t]he contract specifically and only applies to actions to 'enforce' or 'construe' the Agreements 'in accordance with New York law' and therefore, on its face does not apply to actions to enforce the Federal securities laws and regulations[.]" (Dkt. #30 at p. 1).  Defendants argue that when broad language appears in a forum selection clause, such language is regularly construed to encompass securities claims associated with the underlying contract (Dkt. #29 at ¶ 14).  However, the case that Defendants cite contains broad language that is not found in the forum selection clause within the Agreement.  *See Paduano v. Express Scripts, Inc.*, 55 F. Supp. 3d 400, 432 (E.D.N.Y. 2014) (applying a broad interpretation to the phrase "not limited to disputes in connection with, arising out of, or relating in any way to, [the agreement]").  The plain reading of the forum selection clause leads the Court to determine that a federal cause of action under the Exchange Act is not covered by the very limiting language contained within the forum selection clause at issue.  Thus, the Court turns to the traditional section 1404(a) analysis to determine whether transfer is appropriate.  *See Indus. Print Techs. LLC*, 2014 WL 7240050, at *1 ("If those threshold questions are resolved in favor of not applying the forum-selection clause, the Court will conduct a traditional § 1404(a) analysis.").

The parties do not dispute that the suit could have been filed in the Eastern District of New York, the venue to which Defendants seek to transfer this case (Dkts. #29, #30).  Defendants argue that the relevant private and public interest factors weigh in favor of transfer to the Eastern

District of New York (Dkt. #29).  Oxysure argues that the factors weigh in favor of maintaining this case in the Eastern District of Texas, or in the alternative, that Defendants failed to establish that the factors weigh in favor of transfer (Dkt. #30).  The Court must therefore review each of these factors. *Volkswagen II*, 545 F.3d at 315.

## A.  Private Interest Factors

The Fifth Circuit also considers four non-exclusive "private" factors – (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of willing witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive.  *Volkswagen II*, 545 F.3d at 315.

### 1. The Relative Ease of Access to Sources of Proof

"Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue."  *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09–CV–390, 2010 WL 3855520, at \*2 (E.D. Tex. Sept. 30, 2010) (citing *Volkswagen II*, 545 F.3d at 316).  This factor considers which party has a greater volume of documents relevant to the litigation, and their presumed location in relation to the transferee and transferor venues. *Id.* (citations omitted).  Documents that have been moved in anticipation of litigation should not be considered.  *In re Hoffman–La Roche, Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009).  Defendants fail to adequately address this factor other than to note generally that Defendants "never had any offices . . . nor conducted any business in Texas" (Dkt. #29).  Therefore, the Court finds this factor is neutral.

### 2. The Availability of Compulsory Process

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses.  *Volkswagen I*, 371 F.3d at 203.  A court cannot compel nonparty

witnesses to travel more than 100 miles, unless it is within the same state and will not cause the witnesses to incur substantial travel expenses.   Fed. R. Civ. P. 45(c)(3)(A)(ii), 45(c)(3)(B)(iii). Defendants fail to identify any third-party witnesses that reside within 100 miles of the Eastern District of New York.  Oxysure, on the other hand, suggests that certain "investors [and] vendors . . . will be in Dallas and in Collin County" and that these persons are "witnesses to the violations" (Dkt. #30).

Defendants bear the burden of demonstrating and identifying unwilling third-party witnesses that would benefit from the transfer.  *Tex. Data Co., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 644 n.14, n.15 (E.D. Tex. 2011).  Because Defendants fail to carry this burden and Oxysure indicates that relevant witnesses reside in Texas, the Court finds that this factor is neutral.

### 3. The Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. *Volkswagen I*, 371 F.3d at 203.  In *Volkswagen II*, the Fifth Circuit noted that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time in which these fact witnesses must be away from their regular employment."  *Volkswagen II*, 545 F.3d at 317.  The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties.  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05.  The "100-mile" rule applies because the Eastern District of New York over 1,000 miles from Sherman, Texas.  When inconvenience would exist

in either potential venue, merely shifting inconvenience from one party's witnesses to the other is insufficient to affect a transfer of venue analysis. *In re Google Inc.*, 412 F. App'x 295, 296 (Fed. Cir. 2011).

Neither party has identified a specific witness that may have relevant knowledge and who would have to travel to testify, although Oxysure suggests generally that witnesses reside or work in Texas (Dkt. #30). Therefore, the Court finds that this factor weighs slightly against transfer.

*4. All Other Practical Problems*

Neither party argues these whether there are other practical problems in enough depth to allow the Court to thoroughly analyze this factor. The Court, therefore, finds this factor is neutral.

**B.  Public Interest Factors**

The Fifth Circuit applies four non-exclusive public interest factors in determining a § 1404(a) venue transfer question – (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or the application of foreign law.

*1. The Administrative Difficulties Flowing From Court Congestion*

Generally, this factor favors a district that can bring a case to trial faster. Neither party argues this point. The Court sees no reason to presume that the Eastern District of New York could bring this case to trial faster the Eastern District of Texas. The Court, therefore, finds this factor is neutral.

*2. The Local Interest in Having Localized Interests Decided at Home*

Traditionally, the location of the alleged injury is an important consideration in determining how to weigh this factor.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).  Local interest may also be determined when a district is home to a party, because the suit may call into question the reputation of individuals that work and conduct business in the community. *Hoffman–La Roche*, 587 F.3d at 1336.

Defendants merely point out that Defendants' principal place of business and residence is in the Eastern District of New York (presumably arguing that the Eastern District of New York has a strong local interest in this dispute).  By contrast, Oxysure's principal place of business is in this District.  As a result, the Court finds that this factor, too, is neutral.

*3. The Familiarity of the Forum with the Law that will Govern the Case and 4. The Avoidance of Unnecessary Problems of Conflict of Laws*

Neither Oxysure nor Defendants indicate any reason why either court would need to engage in a conflict-of-law analysis.  Federal law would apply in both the Eastern District of Texas as well as the Eastern District of New York.  The Court finds these factors are neutral.

### Conclusion

The Court finds that all of the private and public interest factors are either neutral or weigh slightly against transfer.  Therefore, the Court finds that Defendants have not satisfied the burden of showing that the Eastern District of New York is a more convenient forum for this litigation.

Therefore, Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Dkt. #29) is hereby **DENIED**.

**SIGNED this 15th day of March, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE