**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **OXYSURE SYSTEMS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| **CHRISTOPHER F. CASTALDO,** | § | **Civil Action No. 4:15-cv-00324-ALM** |
| **JERRY CASTALDO, and** | § | |
| **WALL STREET BUY SELL HOLD,** | § | |
| **INC.,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

**REPLY IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1

# I.

## INTRODUCTION

Defendants' attempt to muddle the issue before this Court by blending matters of state and federal law, securities regulation, and contracts into a disorienting tangle, "but creating a confused picture is insufficient to withstand a motion for summary judgment."[1]

"The interpretation of a contract is a matter of law" to be determined by the Court, based on the factual record before it.[2] Here, the contracts at issue and entered in the record for this case are *avoidable* by Oxysure under the federal Exchange Act of 1934 (Exchange Act) and the Texas Securities Act (TSA). This Court should enter summary judgment to that effect.

# II.

## ARGUMENT AND AUTHORITIES

Plaintiff, Oxysure Systems, Inc. (Oxysure) is a locally owned and operated micro-cap manufacturer of life saving medical devices. Defendants are serial fraudsters. Of what few allegations they meagerly attempt to contravene, it is telling that Defendants never address Chris Castaldo's Wolf-of-Wall-Street past running boiler rooms with Jordan Belfort; his excommunication from the securities industry by state and federal securities regulators; and the fact the Securities and Exchange Commission *actually sued Castaldo* along with one of his prior "Investor Relations" outfits and partners for engaging in broker/dealer activities without proper registration.[3] For obvious reasons, he was forced to shutter that operation before moving down

---

[1] *Roby v. Ctr. Cos.*, 679 F. Supp. 664, 671 (E.D. Mich. 1987), *rev'd on other grounds by Roby v. Ctr. Cos.*, 884 F.2d 1393 (6th Cir. 1989) (*per curiam*).
[2] *Camden Iron & Metal, Inc. v. Krafsur (In re Newell Indus.)*, 336 F.3d 446, 448 (5th Cir. 2003). *Accord C & K Indus. Servs. v. LTV Steel Co.*, No. 1:04CV2154, 2006 U.S. Dist. LEXIS 68514, at *16 (N.D. Ohio Sep. 22, 2006). *Accord Terrell v. Uniscribe Prof'l Servs.*, 348 F. Supp. 2d 890, 893 (N.D. Ohio 2004) ("While it is the courts' duty to interpret the terms of a contract as a matter of law, the existence of a contract itself is generally a matter left for the trier of fact.").
[3] *See SEC v. Castaldo, et al.*, No. 1:08-cv-8937-JSR (S.D.N.Y. 2008).

the metaphorical road and starting the same scheme anew, all of which facts and allegations were addressed in Plaintiff's Complaint and throughout this case.

Oxysure has suffered enough expense, hassle and embarrassment already and simply wants this ordeal to be over. Accordingly, as explained herein, Oxysure now limits its request for summary judgment *only* as to the avoidance provisions for contracts in violation of Texas and federal securities law.[4] Accordingly, Defendants' arguments as to the "equities of the case" are not relevant.[5] Plaintiff is not seeking to obtain Defendants' alleged benefits for free; rather it is merely avoiding *further* payment or obligations under agreements that were void from their inception.

Because both the TSA and the Exchange Act allow a counterparty to void a contract violative of applicable securities regulation law, either is sufficient for the declaratory remedy Oxysure seeks. Although Plaintiff is entitled to summary judgment under both laws, success under either the TSA *or* the Exchange Act will resolve all issues now presented on summary judgment.

A. *Defendants were Required to Register as Dealers Under the Texas Securities Act; the Contracts are, thus, Avoidable*

   i. *The TSA's Pertinent Definitions Sweep Even More Broadly Than Federal Law, Including Almost Anyone Engaged in Business that Touches or Concerns Marketable Securities*

The Texas Securities Act (TSA) is this state's primary blue sky law. However, the TSA defines a "broker" as a "dealer," and defines "dealer" even more broadly than the Exchange Act

---

[4] Plaintiff does not intend to waive or forfeit such claims in a trial or ultimate resolution of its Complaint; rather this proffer limits the summary judgment issues before this Court.
[5] *See* Doc. #43 at 11-12.

defines "broker," thus of the two the TSA's regulatory ambit sweeps more broadly.[6] Merging the concept of brokers and dealers into a single entity, the TSA provides:

> The term "dealer" shall include every person or company other than an agent, who engages in this state, either for all or part of his or its time, directly or through an agent, in selling, offering for sale or delivery or soliciting subscriptions to or orders for, or undertaking to dispose of, or to invite offers for any security or securities and every person or company who deals in any other manner in any securities within this state.[7]

As above, the TSA considers the term "sale" to extend even to *attempts* to dispose of securities and also includes "any act" by which purchases or sales are made including solicitations of a sale, solicitations of a purchase, and even attempts to sell or offers to sell. Indeed, the TSA sweeps broader still, including a catch-all phrase that brings within the definition of "dealer" "every person or company who deals in any other manner in any security or securities within this state."[8]

Like the Exchange Act, the TSA instructs that dealers who are unregistered cannot participate in the securities industry and that counterparties to contracts that violate the TSA may sue to avoid such agreements.[9]

> ii.     *The Undisputed Facts Demonstrate that Defendants* __*were*__ *Required to Register Under the TSA but did not; Plaintiff is Entitled to Judgment as a Matter of Law that its Agreements with Defendants are Void*

Revealed in the factual record—but *completely unaddressed in Defendants' Response*— is the *fact* that Castaldo and WSBSH *attempted* to and *in fact did* locate big potential investors *in Texas* who were interested in purchasing shares of Oxysure stock.[10] Under Texas law, even a

---

[6] *See* TSA, art. 581-4(H),
[7] TSA, art. 581-4(C).
[8] *Id.*
[9] TSA, art. 581-4(C).
[10] *See* Julian Ross Decleration at ¶7.

lone and isolated act requiring registration is sufficient for art. 581-33(K)'s avoidance provisions to spring into effect.

For example, in *Breeding v. Anderson*,[11] a plaintiff brought suit to recover commissions earned in connection with the sale of oil and gas leases under circumstances where it was clear the type of transaction at issue required registration under the TSA; the party against whom avoidance was sought relied on the defense that mere "isolated transactions" did not require registration. The Texas Supreme Court rejected that position:

> Plaintiff's affidavit and answer can also be construed as a contention that he was not required to have a license because these negotiations constituted an isolated transaction. This court in *Gregory v Roedenbeck*..., directly disposes of this contention by saying: "We further hold that the performance for compensation of ***one act*** by a person, in connection with the procurement of a prospect for the sale or purchase of real estate, constitutes such person performing the act a [sic] real estate dealer within the meaning of the Real Estate Dealers' License Act . . ." and, therefore, we held no recovery by an unlicensed dealer. We cited the case of *Cosner v. Hancock*, Tex. Civ. App., 149 S.W.2d 239. writ dismissed, correct judgment, as authority for such holding. That case applied the same reasoning to one dealing in securities. It is settled law that one engaging in a single or isolated transaction is not exempt from securing a license.[12]

Accordingly, the Supreme Court denied recovery.

Defendants discuss the TSA's distinction between primary and secondary liability, misapprehending the nature of the statute and the relief that Plaintiff seeks thereunder; those arguments are irrelevant. As in *Breeding* so too here. Based on the evidence in the record, Defendants *indisputably* engaged in transactions that were in effect sales, or attempted sales, or Oxysure's stock *in Texas*.

Nothing more is required. Under the TSA, Oxysure is entitled to avoidance of the contracts at issue and declaratory relief to that effect.

---

[11] 254 S.W.2d 377 (Tex. 1953).
[12] *Id.* at 380 (emphasis in original).

B. *Defendants were Required to Register as Broker/Dealers Under the Exchange Act; the Contracts are, thus, Avoidable*

Defendants do not address the actual gravamen of Oxysure's complaint or summary judgment motion under the exchange act. Rather they essentially raise only two points: (1) that "mere finders" that put parties in contact need not register;[13] and (2) addressing whether Defendants received "transaction based compensation."[14] "Not only does nitpicking two issues fail to raise a material issue of fact as against Oxysure's motion, Defendants are wrong on both points.

***First***, as courts in this Circuit have articulated (and Defendants ignore) "while a person who acts as a mere finder in bringing together the parties to transactions may not be required to register as a broker/dealer, this exception is *very limited*."[15] As the district court went on to explain:

> A "finder" must register as a broker dealer if he is "performing the functions of a broker-dealer." Id. These functions, among other things, include involvement in negotiations. Id. Such involvement may include "answer[ing] questions . . . or provid[ing] assistance to customers in resolving problems with a particular broker-dealer or with respect to particular transactions with a participating broker-dealer" and "charg[ing] fees . . . based, directly or indirectly, on . . . the size, value, or occurrence of any securities transactions."[16]

Defendants indisputably engaged in such behavior. The artifice that the final transaction itself did not involve Castaldo is irrelevant.[17]

***Second,*** Defendants analysis of the "transaction based compensation" issue focuses solely on the fact that the *contracts* were for a flat fee, but the Exchange Act will serve to void a

---

[13] Doc. #43 at 10.

[14] *Id*. 11.

[15] *SEC v. Helms*, No. A:13-CV-01036, 2015 U.S. Dist. LEXIS 142704 at *7 (W.D. Tex. Oct. 20, 2015).

[16] *Id*. at *8.

[17] *Id*.

contract as written *or as in fact performed*.[18] Limiting their analysis to the four corners of the contracts, Defendants *never* address the allegations in the Complaint and Ross's affidavit, as articulated in Plaintiff's motion, to the effect that *after* entering into the contracts, Defendants would set up ancillary meetings, sales, and placements, *and then* demand additional shares of Oxysure stock as compensation. Defendants' opposition certainly offers no proffer or affidavit to dispute same. "Transaction-based compensation," is by definition compensation that is *in any way*—directly or indirectly—tied to the "size, value, or occurrence" of securities transactions.[19]

**Finally**, even assuming—counterfactually—that Defendants had not received "transaction based compensation," their opposition presumes that in its absence broker/dealer registration is *not* required. This demonstrates nothing more than the fact that they misread Plaintiffs summary judgment motion. Transactional compensation is highly suggestive of broker dealer activities because it gives the recipient a "salesman's stake" in encouraging securities transactions, regardless of their underlying investment value to investors.[20] But the *absence* of salesman compensation does *not* obviate the need to register.[21]

The totality of factors and their applicability to Defendants in this case was thoroughly addressed in Plaintiff's motion, including Castaldo's desire to act as a "consultant"—essentially doing what he did as an erstwhile broker before—but attempting to avoid certain "magic words" that would require registration; the fact that he still runs a stock oriented "news letter" claiming to provide advice and tips to market investors who "trust" him; his self-touted appearances on

---

[18] *Reg'l Properties*, 678 F.2d at 560 (emphasis added).
[19] *GlobalTec Solutions, LLP*, SEC No-Action Letter, 2005 WL 3695276, at *1 (Dec. 28, 2005). *See also Reg'l Properties, 678 F.2d at 560.*.
[20] *Herbruck, Alder & Co.*, SEC No-Action Letter, 2002 WL 1290291, at *2 (June 4, 2002).
[21] *See, e.g., id.*

FoxBusiness and CNBC programs as some kind of "stock expert" and his lifelong history of involvement in securities transactions at key points of the distribution chain.[22]

The fact that Defendants myopically restrict their argument to (poorly) analyzing one of many criteria under the Exchange Act certainly does not demonstrate a genuine issue of material fact for trial in the face of the overwhelming citations of evidence and authority raised by Plaintiff that Defendants simply ignore.

Under the Exchange Act, Oxysure is entitled to avoidance of the contracts at issue and declaratory relief to that effect.

### III.

### CONCLUSION

Plaintiff respectfully asks this Court to enter JUDGMENT in tis favor, awarding the relief sought in the Complaint as to AVOIDANCE of the contracts/consulting agreements relevant herein. Respectfully submitted this 13th day of April, 2016.

**FRIEDMAN & FEIGER, LLP**

 /s/ *Mazin A. Sbaiti*
Mazin A. Sbaiti, Esq.
 State Bar No. 24058096
  Mazin@FFLawOffice.com
 5301 Spring Valley Road
  Suite 200
 Dallas, Texas 75254
 T: (972) 788-1400
 F: (972) 788-2667

*COUNSEL FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

---

[22] *See* Doc. #34 at 9-14.

This is to certify that on the 13th day of April, 2016 a true and correct copy of the above and foregoing instrument was served via electronic service and/or first class mail in accordance with the applicable rules of civil procedure and local rules upon

Scott  Smith
120 Aouth Crockertt St
P.O. Box 354
Sherman, TX 75091
Email:smithlaw@airmail.net
Fax: 903 870 1446

                                    /s/ *Mazin A. Sbaiti*