# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OXYSURE SYSTEMS, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-324 |
| | § | Judge Mazzant |
| CHRISTOPHER F. CASTALDO, | § | |
| JERRY CASTALDO | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment (Dkt. #34). After considering the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

Plaintiff Oxysure Systems, Inc. ("Oxysure") is a medical device company incorporated under the laws of Delaware with its principal place of business located in Frisco, Texas (Dkt. #1 at ¶ 1). Oxysure brought this action against New York residents Christopher Castaldo ("Christopher"), Jerry Castaldo ("Jerry"),[1] and Wall Street Buy Sell Hold, Inc. ("Wall Street"), a New York company based in Nassau county, New York (collectively, "Defendants") (Dkt. #1 at ¶¶ 2-3).[2] Oxysure produces devices that create medical-grade, resuscitative oxygen for emergency use (Dkt. #1 at ¶¶ 8-9). Oxysure's stocks are publicly traded (Dkt. #1 at ¶ 11). Defendants "assist[] public companies in strategic business planning, and investor and public relations services designed to make the investing public knowledgeable about the benefits of stock ownership in [client companies]." (Dkt. #1-1).

---

[1] Defendants state that "Plaintiff has apparently dropped its claim for relief against Jerry Castaldo." (Dkt. #43 at p. 1 n.1). Defendants' statement appears to be based on Oxysure's assertion that "Chris Castaldo's brother, Jerry Castaldo, is also a defendant in this case. However, we only seek Judgment in this case against Chris Castaldo and Wall Street Buy Sell Hold." (Dkt. #43 at p. 3 n.4). The Court finds that this statement is vague; however, the Court finds in unnecessary to attempt to interpret this statement due to the fact that it is denying summary judgment.

[2] Default Judgment has already been ordered against Wall Street (Dkt. #56).

1

In 2012 and again in 2013, Wall Street entered into two consulting agreements (the "Agreements") with Oxysure (Dkt. #34 at pp. 2-3). According to Oxysure, Wall Street came to Oxysure's attention following solicitations pitching the firm's ability to help microcap companies increase investor awareness and raising share prices (Dkt. #34 at p. 3). Oxysure claims that Christopher, Wall Street's CEO and principal, was primarily responsible for soliciting Oxysure to retain his consulting services (Dkt. #34 at p. 3).

Oxysure maintains that Christopher and Wall Street did not perform the requirements of the Contract (Dkt. #34 at p. 4). Oxysure states that because Defendants failed to perform, "Oxysure had to hire other firms to perform the tasks being ignored by Defendants." (Dkt. #34 at p. 4). Oxysure confronted Defendants and asserted that Defendants' conduct invalidated the contracts (Dkt. #34 at p. 3). Oxysure claims that "Defendants refused to return their ill-gotten remunerations and demanded that Oxysure continue making payments. When Oxysure ceased making payments, Defendants discarded all pretenses of doing even minimal consulting work on Oxysure's behalf." (Dkt. #34 at p. 4). In 2013, Wall Street sued Oxysure in New York state court for breach of contract, and that case remains open (Dkt. #34 at pp. 4-5).

Oxysure maintains that Christopher asked Oxysure to sell Christopher's friends Oxysure's shares at a discount in exempt private offerings (Dkt. #34 at p. 5). Oxysure alleges that it complied with this request only as a favor to Christopher, and that "at no time did Oxysure believe—nor agree—that these private placements were substituted for performance under the Agreements nor that they entitled Castaldo to fees." (Dkt. #34 at p. 5). According to Oxysure, Christopher intended this selling of discounted shares to be a basis for him to demand fees (Dkt. #34 at p. 5).

Oxysure seeks summary judgment "only as to the avoidance provisions for contracts in violation of Texas and federal securities law." (Dkt. #48 at p. 3).[3] Oxysure is trying to avoid further payments or obligations under the Agreements, which it maintains were void from their inception due to the fact that Defendants were violating the law (Dkt. #48 at p. 3). Oxysure asserts that although it is entitled to summary judgment under both laws, success under either the Texas Securities Act (the "TSA") or the Exchange Act would resolve the issues that it presents on summary judgment (Dkt. #48 at p. 3).

On February 15, 2016, Oxysure filed its Motion for Summary Judgment (Dkt. #34). On March 16, 2016, Defendants filed their response (Dkt. #43). On April 14, 2016, Oxysure filed its reply (Dkt. #48).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

---

[3] Although Oxysure was seeking to recover restitution for cash and stock already paid (Dkt. #34 at p. 15) and attorney's fees (Dkt. #34 at p. 18), Oxysure states in its reply that it no longer seeking summary judgment that it is entitled to recover these damages (Dkt. #48 at p. 3). However, Oxysure makes clear that "[it] does not intend to waive or forfeit such claims in a trial or ultimate resolution of its Complaint; rather this proffer limits the summary judgment issues before this Court." (Dkt. #48 at p. 3 n.4).

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Oxysure has met its burden of demonstrating that there is no material issue of fact entitling it to judgment as a matter of law.[4] The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Oxysure's Motion for Summary Judgment (Dkt. #34) is hereby **DENIED**.

**SIGNED this 29th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[4] Defendants make various evidentiary objections. The Court finds it unnecessary to address these arguments because the Court finds that the evidence at issue was not pertinent to the Courts analysis in finding that there are material issues of fact.